# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JOHN LEE MORRIS, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:10CV130 |
| ) | |
| **THE PEOPLE OF THE UNITED** ) | |
| **STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on motions to dismiss filed by all Defendants. The State Defendants (Brandy, Cooper, Edmunds, Timmons-Goodson, Hudson, Martion, Montgomery, Newby and Parker) have filed a motion to dismiss for lack of jurisdiction. (Docket No. 4). The Federal Defendants (Niemeyer, Traxler, Jr., Gregory, Atkins, Dziwura, Favrot, Jones, Stump, Suter, and United States of America) have filed a motion to dismiss under Rules 4(i), 8(a), 12(b)(1), 12(b)(5), and 12(b)(6). (Docket No. 44.) *Pro se* Plaintiff John Lee Morris, Sr., has opposed the motions to dismiss and has filed a myriad of motions not yet reached by the Court, including motions to amend his pleadings (Docket Nos. 14, 25, 57, 58, 59), motions for default (Docket No. 15, 24, 34), a motion for class action determination (Docket No. 31), a motion to stay (Docket No. 32), a motion to strike (Docket

No. 54), a motion to "Put the Bible and Prayer Back All Public Schools" (Docket No. 60), a motion for equal protection (Docket No. 61), a motion to dismiss all filings by the Federal Defendants (Docket No. 70), a motion for judgment on the pleadings (Docket No. 77), a motion for sanctions (Docket No. 78), and a request for a ruling within three days (Docket No. 86).

On review of the file, the Court finds that Plaintiff's *pro se* Complaint in this action is wholly deficient under Rules 8 and 12(b)(6). The Complaint is, in fact, legally frivolous and, in many parts, unintelligible insofar as it attempts to state a cognizable claim against any Defendant. The Complaint recites that it brings a "criminal and civil matter" before the court for deprivation of Plaintiff's constitutional rights. Attempting to distill some meaning from Plaintiff's allegations, the Court construes that Plaintiff seeks to sue state and federal governmental officials for failing to order an investigation by the Federal Bureau of Investigation regarding the killing of black men by state and federal judges. Clerks of Court are sued for "failure to put the record before the Courts." (Docket No. 1, Complaint, at 1-2.) While Plaintiff has filed requests to amend his pleadings and to add parties, the allegations he seeks to add are futile and do not contribute to the statement of any cognizable legal claim. For example, he moves to amend to add a proposed sanction against Defendants "from 1 year sanction, of the job, to 90 days in U.S. Jail, or leave this United States for 7 years" for depriving Plaintiff of his constitutional rights. He seeks to add a Special Deputy Attorney General as a Defendant. (Docket No. 14.) He seeks to amend his complaint to add

that "the attorney don't have a case for Defendants." (Docket No. 25.) In Docket Nos. 57, 58, and 59, Plaintiff seeks to amend "sanctions" against the Defendants, to add as a party the U.S. Attorney who represents the Federal Defendants in this action, and to add a federal judge and a state judge for their failure to order an FBI investigation into the killing of black men.

Plaintiff's "claim" in this action, as stated in the original Complaint, or considered in light of his proposed amendments, should be dismissed at this time, with prejudice. As to the State Defendants, the Complaint contains no "short and plain statement of the claim showing that the pleader is entitled to relief," in violation of Rule 8. Plaintiff has alleged no fact or conclusions that would entitle him to relief against these Defendants under any legal theory. The most that could be drawn from the allegations is that certain Defendants failed to respond to an unspecified complaint and motion, and that other Defendants, Justices of the North Carolina Supreme Court, failed to order an FBI investigation into unspecified constitutional violations. Such allegations fail to state a claim against any State Defendant. *See Ashcroft v. Iqbal*, 556 U.S. \_\_\_, \_\_\_, 129 S. Ct. 1937, 1949 (2009).

As to the Federal Defendants, the Complaint suffers the same infirmities. The Defendants argue correctly that the Complaint (even with attempted amendments) is devoid of specific factual allegations. Plaintiff has failed to show a basis for federal subject matter jurisdiction in face of Defendants' assertion of sovereign immunity in their official capacities. Plaintiff's Complaint fails to identify any clear legal claim against Defendants

in their individual capacities. While *pro se* plaintiffs are held to less demanding standards than trained attorneys, nonetheless, the Court is not called upon to conjure up claims from the vagaries of the *pro se* complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Here, no viable legal theory is suggested by any allegation of Plaintiff Morris.

The Court has reviewed all motions filed by Plaintiff Morris. The non-dispositive motions (Docket Nos. 14, 15, 24, 25, 31, 32, 34, 54, 57, 58, 59, 60, 61, 78, and 86) are all without merit and **IT IS ORDERED** that the motions are **DENIED**. The dispositive motions are likewise without merit in view of the failure of the Complaint at the threshold, and **IT IS RECOMMENDED** that Plaintiff's dispositive motions (Docket Nos. 70 and 77) be denied. Further, **IT IS RECOMMENDED** that the motions to dismiss filed by Defendants (Docket Nos. 4 and 44) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 15, 2010